**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00105-FDW**

| | | |
|---|---|---|
| JAMES E. LEAKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DENNIS DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner James E. Leaks' pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and Motion to Proceed In Forma Pauperis (Doc. No. 5).

### I.  BACKGROUND

Petitioner is a prisoner of the State of North Carolina who was found guilty of second-degree murder by a Mecklenburg County Superior Court jury on August 3, 2018. He did not file a direct appeal, and according to his habeas Petition, he has not sought any other post-conviction relief in the state courts. (§ 2254 Pet. 1-3, Doc. No. 1.)

Petitioner filed the instant Petition on February 24, 2019, when he placed it in the prison mailbox. See Houston v. Lack, 487 U.S. 266, 267 (1988). He claims his first-degree murder indictment was constructively amended during the trial in violation of his Fifth Amendment rights and his right to a fundamentally fair trial. (§ 2254 Pet. 5; Br. in Support, Doc. No. 2.)

### II.  STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs the district court to dismiss a habeas petition when it plainly

1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. The Court concludes the Petition must be dismissed as unexhausted.

### III. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A). That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'" Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). Furthermore, the prisoner must present the federal claim to all appropriate state courts, including the highest appellate court established to review such a claim. See O'Sullivan, 526 U.S. at 845.

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction and/or sentence to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a motion for appropriate relief and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422. By his own admission, Petitioner has

done neither. Nor, contrary to his assertions, is Petitioner exempt from the exhaustion requirement (§ 2254 Pet. 5), as he has not demonstrated either that: 1) there is no state corrective process available to him; or (2) circumstances exist which render the available state corrective process(es) ineffective to protect his rights, see 28 U.S.C. § 2254(b)(1)(B).[1] Accordingly, the Petition shall be dismissed without prejudice to Petitioner's ability to file a § 2254 petition after he has fully exhausted his state remedies.

Petitioner is forewarned, however, that the AEDPA also imposes a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

It appears from the Petition that the statute of limitations began to run in this case on or

---

[1] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A) & (B).

about August 17, 2018, when the time for Petitioner to file a direct appeal to the North Carolina Court of Appeals expired. See N.C. R. App. P. 4(a)(2); 28 U.S.C. § 2244(d)(1)(A). It has continued to run ever since. Thus, while Petitioner has time to pursue post-conviction relief in the state courts, see § 2244(d)(2), that time is limited.[2]

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED without prejudice** for failure to exhaust the claims raised therein, see 28 U.S.C. § 2254(b)(1)(A);

2. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 5) is **GRANTED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

---

[2] The Court does not have authority to extend the time allowed by the statute of limitations. And, while a federal court may, upon request, hold a habeas petition in abeyance to allow a petitioner to exhaust his state remedies, see Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), the court may issue such a stay only if the petitioner had "good cause" for his failure to exhaust, his unexhausted claims are potentially meritorious, and he did not engage in "intentionally dilatory litigation tactics," Rhines v. Weber, 544 U.S. 269, 278 (2005).

**SO ORDERED.**

Signed: May 23, 2019

Frank D. Whitney
Chief United States District Judge